OPINION
{¶ 1} Alan David Patton, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the court denied his motion to dismiss for failure to provide appellant his trial within speedy-trial limits.
 {¶ 2} On June 14, 2008, appellant was arrested for tampering with the men's urinals in the bathroom at a recreational complex. Appellant turned off the water to the urinals, placed "out of service" signs on them, and then placed plastic bags over the urinals, allegedly in an attempt to collect the urine of young boys to consume it. On the *Page 2 
same day, June 14, 2008, appellant was charged with criminal mischief, which is a third-degree misdemeanor and a violation of R.C. 2909.07(A)(1).
 {¶ 3} On July 11, 2008, the trial court held a pre-trial hearing. There is no transcript from that hearing but, on that same date, the trial court issued a psychological evaluation entry, in which the court indicated that the prosecutor had requested appellant undergo a competency evaluation to assess appellant's current mental condition and competency to stand trial pursuant to R.C. 2945.371.
 {¶ 4} On July 14, 2008, the trial court sua sponte held a bond-modification hearing, for which a transcript was available. The trial court indicated that it was concerned about telephone calls it was receiving from the media indicating that appellant was a registered sex offender, and that immediately after appellant left the July 11, 2008 hearing, appellant went to a community pool where he had access to children and public restrooms. The trial court modified appellant's bond conditions. The prosecutor for the State of Ohio, plaintiff-appellee, indicated that defense counsel, the prosecutor, and the trial court had held discussions off the record regarding appellant's past criminal history, his unwillingness to obey court orders, and his unpredictable behavior. Although it did not appear in the transcript, in its July 14, 2008 entry, the trial court indicated that appellant's attorney formally objected to the competency evaluation because he believed appellant was competent, and that the prosecutor desired a competency evaluation to determine appellant's current mental status. The trial court continued the trial to conduct the competency evaluation. In an August 4, 2008 entry regarding the upcoming competency evaluation, the trial court again noted that appellant's counsel continued to object to the court's order for the competency evaluation. *Page 3 
 {¶ 5} On August 15, 2008, appellant filed a motion to dismiss for failure to provide him a trial within the speedy-trial time limits. Appellant contended that the trial court's order for the competency evaluation did not toll the 45-day speedy-trial requirement because the competency evaluation was not reasonable or necessary. On September 8, 2008, the trial court denied appellant's motion to dismiss; finding the order for a competency evaluation was reasonable and tolled the speedy-trial limit. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 The trial court abused its discretion and improperly circumvented the speedy trial provisions in R.C. 2945.71 when it ordered a competency evaluation of Defendant-Appellant.
 {¶ 6} Appellant argues in his assignment of error that the trial court improperly circumvented the speedy-trial provisions in R.C. 2945.71 when it ordered a competency evaluation of him. The Sixth andFourteenth Amendments to the United States Constitution, as well as Section 10, Article I, Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state. State v. O'Brien (1987),34 Ohio St.3d 7, 8. R.C. 2945.71 provides that, for a person charged with a third-degree misdemeanor, a trial must be conducted within 45 days after the person's arrest or the service of summons. Here, appellant was arrested on June 14, 2008, and charged with a third-degree misdemeanor. When computing how much time has run against the state under R.C. 2945.71, the court must begin with the day after the date the accused was arrested. R.C. 1.14; Crim. R. 45(A); State v. Lautenslager (1996),112 Ohio App.3d 108, 111-12. Therefore, here, the trial court was required to bring appellant to trial by July 29, 2008.
 {¶ 7} However, R.C. 2945.72 sets forth circumstances that toll the period of time for a speedy trial. R.C. 2945.72(B) provides the time period is extended during any period *Page 4 
in which the defendant's mental competence to stand trial is being determined. Under R.C. 2945.37(B), the trial court, the prosecutor, or the defendant may raise the issue of the defendant's competency. R.C. 2945.37(B) requires a competency hearing if requested before trial.State v. Were, 94 Ohio St.3d 173, 2002-Ohio-481, paragraph one of the syllabus. Specifically, R.C. 2945.37(B) provides that "[i]f the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section." It is axiomatic that the word "shall" indicates a mandatory requirement. Aria's Way, LLC v. ConcordTwp. Bd. of Zoning Appeals, 173 Ohio App.3d 73, 2007-Ohio-4776, ¶ 14, citing State ex rel. Botkins v. Laws (1994), 69 Ohio St.3d 383. In the present case, the prosecutor raised the issue of defendant's competency at the July 11, 2008 pre-trial hearing. Therefore, pursuant to R.C. 2945.37(B), the trial court was required to hold a competency hearing.
 {¶ 8} R.C. 2945.371(A) further provides that the court "may" order one or more evaluations of a defendant's present mental condition if the issue of competency is raised. In statutory construction, the word "may" is construed as permissive. Dorrian v. Scioto Conservancy Dist. (1971),27 Ohio St.2d 102, paragraph one of the syllabus. Thus, a competency evaluation is not required by R.C. 2945.371 every time the issue of a defendant's mental condition is raised. Rather, "the wording of the statute implies that the ordering of an examination is a matter within the discretion of the trial court." State v. Bailey (1992),90 Ohio App.3d 58, 67. Accordingly, an appellate court will not reverse a trial court's decision regarding the ordering of one or more competency evaluations absent an abuse of discretion. State v. Nelson (May 9, 2001), 9th Dist. No. 3103-M. An abuse of discretion is not merely an error of law; it implies that the court's attitude was *Page 5 
arbitrary, unreasonable, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 9} Here, appellant contends that the trial court abused its discretion when it ordered the competency evaluation. We disagree. We first note that there is no evidence in the record that appellant objected to the trial court's order of a competency evaluation at the time of the order and entry on July 11, 2008. There is no transcript of the pre-trial hearing on that date, and none of the pleadings entered on July 11, 2008 regarding the competency evaluation indicate appellant objected. Appellant's failure to object normally waives all but plain error. See State v. Slagle (1992), 65 Ohio St.3d 597; Crim. R. 52(B). Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Landrum (1990), 53 Ohio St.3d 107, 111. Under the plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. State v. Moreland (1990), 50 Ohio St.3d 58, 63.
 {¶ 10} Notwithstanding, even if appellant did object, we find the trial court did not abuse its discretion when it ordered the competency evaluation. Again, we first note our review of the issue is hampered by the failure of any transcript of the July 11, 2008 pre-trial hearing at which the trial court ordered the competency evaluation. Nevertheless, the record before us provides a sufficient basis for the court's ordering the competency evaluation. At the July 14, 2008 hearing, the trial court reiterated its concern about appellant's mental health. The court indicated that it was concerned about a large number of reports it had received indicating that, immediately after the July 11, 2008 hearing, appellant went to a community pool where he had access to children and public restrooms, which was not contested by appellant's counsel. Furthermore, it is apparent *Page 6 
that discussions between the prosecutor, the defense, and the trial court occurred off the record prior to the hearing, and that the trial court was apprised of appellant's past criminal history, his unwillingness to obey court orders, and his prior unpredictable behavior. In its September 8, 2008 entry denying appellant's motion to dismiss, the trial court explained that, prior to the July 11, 2008 hearing, discussions were held between the prosecutor, defense counsel, and the trial court regarding the allegations of appellant's activity, his history with the court system, and the fact that his probation had been revoked in the municipal court. The disturbing nature of the underlying allegations in the present case, when coupled with appellant's recidivism and contacts with the justice system, formed a sufficient basis for the trial court to believe an evaluation was necessary to discern whether appellant needed to take medication to maintain his capacity to assist his attorneys, whether appellant was likely to disrupt the proceedings, or whether appellant's mental condition would have any other influence on the proceedings. Therefore, we find the trial court did not abuse its discretion when it ordered an evaluation of appellant's present mental condition. Because the trial court did not abuse its discretion in ordering the mental health evaluation, the speedy-trial provisions of R.C. 2945.71 were properly tolled pending such evaluation pursuant to R.C. 2945.72(B). For these reasons, appellant's assignment of error is overruled.
 {¶ 11} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BRYANT and CONNOR, JJ., concur. *Page 1