[Cite as *State v. Matharu*, 2017-Ohio-8251.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26985 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-1117 |
| | : | |
| HARINDER MATHARU | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of October, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 West Second Street, Suite 603, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Harinder Matharu appeals from the trial court's judgment finding him guilty of aggravated vehicular homicide and sentencing him to seven years incarceration. Matharu contends that the trial court erred in accepting his plea of no contest and that his conviction should be reversed because the trial court failed to have him evaluated for competency prior to his plea.

{¶ 2} We disagree and, accordingly, affirm the conviction.

## I. Facts and Proceedings

{¶ 3} On October 12, 2013, Matharu was involved in an accident when his vehicle went left of center and collided with a vehicle operated by Amanda Looman. After being in a coma for ten days, Looman was pronounced brain dead. An eyewitness to the accident indicated that she observed Matharu's vehicle approaching behind the witness's vehicle traveling at a high rate of speed. The witness further stated that when Matharu attempted to pass her vehicle, he collided with the car driven by Looman. Matharu's blood alcohol level was more than double the legal limit and he was driving under a suspended license.

{¶ 4} On May 22, 2014, Matharu was indicted on four counts of aggravated vehicular homicide in violation of R.C. 2903.06. Matharu entered a plea of not guilty. On July 14, 2014, Matharu filed a motion to suppress evidence regarding the search of his vehicle and the admission of the results of a blood draw taken while he was hospitalized following the crash. A hearing was conducted on September 25, 2014, following which the trial court overruled the motion to suppress. A jury trial was

scheduled for October 27, 2015.

{¶ 5} During the final pretrial conference conducted on October 19, 2015, Matharu raised the issue of his mental competence to stand trial. He then filed a document entitled "Plea of Not Guilty By Reason of Insanity and Suggestion of Incompetency to Stand Trial."[1] On October 20, 2015, the trial court conducted a hearing regarding whether, given Matharu's suggested incompetency, a competency evaluation was required. There was no disagreement that immediately after the collision, Matharu spent 40 days in the hospital, and that he was in a coma for approximately two weeks of that time. Nor was there any disagreement that Matharu had suffered from bleeding in the brain. Defense counsel indicated that Matharu was unable to recall the events of the collision and that he also suffered from short-term memory loss. The State cited *State v. Brooks*, 25 Ohio St.3d 144, 495 N.E.2d 407 (1986) and *State v. Hoffer*, 2d Dist. Montgomery No. 17241, 1999 WL 335136 (May 28, 1999), for the proposition that amnesia, by itself, does not render a defendant incompetent to stand trial.

{¶ 6} Matharu testified that he has trouble remembering things he has previously told people and he forgets the details of books he is reading. Likewise, he stated that if he watches a movie, he sometimes forgets the name of characters. He testified that he sometimes forgets the day of the week as well as conversations he has had. He testified that he remembered his counsel meeting with him the week before the hearing, and he was able to recall some long term memories. He testified that he sometimes has to write down information in order to remember it.

{¶ 7} The trial court declined to order a forensic competency evaluation. On

---

[1] Matharu withdrew his plea of not guilty by reason of insanity.

October 22, 2015, the court conducted a competency hearing. At that time no further evidence was submitted, and Matharu rested upon his testimony from the October 20 hearing. The trial court rendered a decision and entry finding Matharu competent to stand trial. In its decision, the trial court found, in pertinent part:

Matharu argues he is incompetent to stand trial due to short-term memory loss and his inability to remember the events surrounding the October 2013 collision. During the October 20, 2015 hearing, Matharu testified that he is able to write down matters of importance if he chooses, which he has done in the past, and that he recognizes his counsel * * *. Matharu remembers meeting with his attorneys at jail and discussing the motion to suppress hearings. He was able to recall that his wife informed him of the status of his injury, a brain hemorrhage, and that he did not have any treatment for this injury. Matharu remembers that his wife worked at Kroger in Springfield, Ohio before Matharu's collision and knew that she currently works there. He was able to recall that he was at Miami Valley Hospital following the collision and some of the treatment provided. Matharu was able to testify that he was employed at a gas station in Springfield, Ohio and that he remembered his friend, Jake, whom he met at the gas station. Further, Matharu understood that a trial was looming.

* * *

Matharu's testimony indicated that though he has some memory loss, he has a remaining ability to counsel with his lawyers and an understanding to some extent of the legal proceedings in his case.

Further, his short-term memory loss is not a component of competency.

* * *

{¶ 8} The plea hearing was conducted immediately after the competency hearing. A proper Crim.R. 11 colloquy was conducted. Matharu engaged with the court appropriately and denied any problems that would render him unable to voluntarily and knowingly enter the plea. Matharu entered a plea of no contest to one count of aggravated vehicular homicide (OVI, driving under a suspended license) in violation of R.C. 2903.06(A)(1)(a)/(B)(2)(b)(i). He was sentenced to a term of seven years in prison. A timely appeal was filed.

## II. Analysis

{¶ 9} Matharu's sole assignment of error states as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO ORDER A COMPETENCY EVALUATION FOR DEFENDANT.

{¶ 10} Matharu contends the trial court erred when it declined to order a competency evaluation. In support, he argues that the trial court confused the issue of his short-term memory loss with the issue of his amnesia of the events surrounding the car crash. He further argues that the trial court improperly stated that "short-term memory is not a component of competency."

{¶ 11} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). If a defendant "lacks the capacity to understand the

nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[,]" he may not stand trial. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155.

{¶ 12} This due process right has been codified at R.C. 2945.37, which provides in pertinent part:

(B) In a criminal action in a court of common pleas, * * * [the] defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. * * *

(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *.

{¶ 13} R.C. 2945.371 provides that if the issue of a defendant's competence to stand trial is raised under R.C. 2945.37, the court may order one or more, but not more than three, evaluations of the defendant's present mental condition. Further, R.C. 2945.37(E) states that "[t]he prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but, if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule."

{¶ 14} The use of the word "may" in these statutes indicates that the decision

whether to order an examination is a matter within the trial court's discretion. "Taken as a whole, the provisions of R.C. 2945.37 and 2945.371 support the inference that when the initial hearing on a competency motion is held, the trial court is only required to give the defendant, or his counsel, the chance to submit evidence on the issue." *State v. Bailey*, 90 Ohio App.3d 58, 67, 627 N.E.2d 1078 (11th Dist. 1992). "If this evidence raises a genuine question as to the defendant's competency, the court can order that one or more evaluations be performed." *Id.*; *State v. Carson*, 2d Dist. Greene No. 2002-CA-73, 2003-Ohio-5958, ¶ 30.

{¶ 15} Thus, we review the decision of the trial court regarding competency evaluations for an abuse of discretion. *State v.* Curry, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 40; *State v. Cook*, 2016-Ohio-2823, 64 N.E.3d 350, ¶ 63 (5th Dist.); *State v. Patton*, 10th Dist. Franklin No. 08AP-800, 2009-Ohio-1382, ¶ 8. In order to find that the trial court abused its discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} In determining whether a defendant is competent to stand trial, the test is " ' "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 32, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), quoting the argument of then Solicitor General J. Lee Rankin. It is with this standard in mind that we review the evidence in this record to determine

whether Matharu raised a genuine question of his competency to stand trial and whether the trial court abused its discretion by declining to order an evaluation.

{¶ 17} A review of the transcript of the October 20, 2015 hearing shows that Matharu's responses to questions, both on direct and cross-examination, were coherent and appropriate. While he did note some issues with his short-term memory, he did not claim that it affected his ability to understand the proceedings against him or his ability to assist counsel with his defense. Indeed, he clearly was aware of the nature of the proceedings, and noted that he is able to, and does, take notes of things he wants to remember. Further, he was able to remember his attorneys, when he had spent time conferring with them, and the topic about which they met.

{¶ 18} We do not agree that the trial court confused the issue of amnesia of the accident with the issue of short-term memory loss. The amnesia was raised by Matharu during the initial hearing, and the trial court correctly noted that Matharu's inability to remember the collision does not, by itself, render him incompetent. The trial court then went on to address the short-term memory issues. We do, however, take issue with the trial court's blanket statement that short-term memory loss is not a component of competency. We can envision numerous scenarios in which such memory loss could effectively negate a criminal defendant's ability to assist counsel in his defense. But, in this case, on this record, we cannot say that the trial court abused its discretion in declining to order an evaluation as Matharu's testimony did not raise a genuine question of his ability to understand the proceedings or to aid his attorneys.

{¶ 19} Accordingly, Matharu's sole assignment of error is overruled.

## III. Conclusion

{¶ 20} Matharu's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
John S. Pinard
Hon. Michael W. Krumholtz