[Cite as *State v. Voris*, 2022-Ohio-152.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :    Appellate Case No. 2021-CA-2
                                       :
v.                                     :    Trial Court Case No. 2019-CR-459
                                       :
WILLIAM VORIS                          :    (Criminal Appeal from
                                       :    Common Pleas Court)
        Defendant-Appellant            :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of January, 2022.

. . . . . . . . . . .

MATTHEW C. JOSEPH, Atty. Reg. No. 0090869, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Appellate Division, Safety Building, 201 West Main Street, Troy, Ohio 45473
        Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant William Voris appeals from his conviction for one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)/(B)(3), a felony of the third degree. Voris filed a timely notice of appeal on February 2, 2021.

{¶ 2} On October 9, 2019, Voris was indicted for the following offenses: Counts I and II, rape, in violation of R.C. 2907.02(A)(1)(c), both felonies of the first degree; Count III, unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)/(B)(3), a felony of the third degree; and Count IV, corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(c)/(C)(1)(a), a felony of the second degree. On October 24, 2019, the State filed a superseding indictment amending Count II to rape, in violation of R.C. 2907.02(A)(1)(c), where the victim is less than 13 years of age, whether or not the offender knows the victim's age.

{¶ 3} On November 7, 2019, Voris, through counsel, filed a plea of not guilty by reason of insanity (NGRI) and a suggestion of incompetency to stand trial. Voris also filed a motion to suppress on the same day. On November 12, 2019, the trial court ordered that Voris be evaluated by the Forensic Psychiatry Center for Western Ohio (FPC) regarding his mental condition at the time the charged offenses. On December 5, 2019, defense counsel filed a motion to extend the hearing and a request for an NGRI evaluation premised upon the counsel's unavailability and Voris's refusal to participate in the sanity evaluation. The trial court granted defense counsel's motion to extend and scheduled the competency hearing for December 19, 2019.

{¶ 4} On December 19, 2019, the trial court conducted a competency hearing at which both parties stipulated to a report from the FPC finding that Voris was competent

to stand trial. At the same hearing, the trial court ordered the FPC to conduct a second evaluation of Voris with respect to his mental condition at the time of the offenses, because he had failed to cooperate with the evaluator in that regard during his first interview. On December 30, 2019, the trial court filed an entry ordering the mental evaluation to be conducted by the FPC. On February 6, 2020, the trial court held a hearing wherein both parties stipulated to a report submitted by the FPC on January 14, 2020, which found that Voris did not have any mental incapacity or suffer from any severe mental disease at the time that the alleged offenses were committed. On March 6, 2020, the trial court found Voris competent to stand trial and found that he suffered from no mental condition at the time of the offenses.

{¶ 5} On March 20, 2020, the State filed a motion to continue the motion to suppress hearing due to the unavailability of a witness because of the mandatory COVID-19 quarantine in effect in Miami County. In light of the health risk posed by COVID-19 and the orders issued by the Ohio governor, the Miami County Court of Common Pleas issued an order staying *all* pending matters for 45 days. On March 23, 2020, the trial court continued the motion to suppress hearing "for a reasonable period of time." A hearing on Voris's motion to suppress was eventually held on May 5, 2020, and the trial court overruled the motion to suppress on June 11, 2020.

{¶ 6} On July 7, 2020, Voris filed several documents and motions, drafted himself, in which he claimed that his right to speedy trial had been violated: "Letter to the Court;" "Petition for Release;" and "Letter Addressing the Petition for Release." On July 9, 2020, Voris, again acting on his own behalf, filed a letter in which he argued that he had a conflict of interest with his trial counsel and no longer wished to be represented by him.

The next day, the trial court held a status conference in order to generate a briefing schedule to address Voris's speedy trial argument.

{¶ 7} On July 30, 2020, Voris's attorney filed a motion to withdraw, citing a "total breakdown in the attorney-client relationship." The trial court granted defense counsel's motion to withdraw. On August 13, 2020, the trial court appointed an attorney from the Office of the Ohio Public Defender to represent Voris. On August 14, 2020, the State filed a memorandum in opposition to Voris's petition for release, arguing that there were still 48 days to try his case once the trial court ruled on his petition. On September 1, 2020, Voris, represented by counsel, filed a reply to the State's memorandum in opposition; he did not dispute the State's calculation of the days remaining to try his case, but rather argued that he was entitled to discharge because he had been deprived of his constitutional right to speedy trial pursuant to the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. On September 11, 2020, the State filed a memorandum in opposition to Voris's reply brief, arguing that "the delays in this case were primarily caused by [Voris], either through his delay in cooperating with the metal evaluations he requested or with his attorney." Memorandum in Opposition, p. 5.

{¶ 8} On September 11, 2020, Voris also filed a "Motion for Determination of Competency" and requested a hearing on his competence to stand trial. On September 17, 2020, the trial court ordered that Voris to be evaluated by the FPC for a third time. On October 9, 2020, the trial court overruled Voris's petition for release, finding that neither his statutory right to speedy trial nor his constitutional right to speedy trial had been violated. The trial court also found that, by its own calculation, the State had 20

days to bring the case to trial once the trial court determined whether Voris was competent to stand trial. On October 26, 2020, the trial court conducted a competency hearing wherein the parties again stipulated to a report from the FPC finding that Voris was competent to stand trial, and on November 5, 2020, the trial court issued an order to that effect.

{¶ 9} On November 16, 2020, the trial court scheduled Voris' trial for December 8, 2020. In its order, the trial court explained its reasoning for setting Voris's trial date outside of the statutorily-required time period. On November 18, 2020, the trial court rescheduled Voris's trial for December 7, 2020.

{¶ 10} On November 30, 2020, a change of plea hearing was held wherein the parties agreed that Voris would plead guilty to Count III, unlawful sexual conduct with a minor, in exchange for dismissal of the remaining counts. However, in light of Voris's erratic behavior at the plea hearing, the trial court was unable to take his guilty plea, and the case remained set for trial. On December 4, 2020, Voris filed a motion for a competency hearing based upon his behavior at the unsuccessful plea hearing. On the same day, the trial court held a competency hearing at which it heard Voris's testimony regarding his behavior at the abortive plea hearing. At the end of the hearing, the trial court found Voris competent to stand trial.

{¶ 11} On December 7, 2020, Voris plead guilty to Count III, unlawful sexual conduct with a minor, in exchange for dismissal of the remaining counts in accordance with the previous plea agreement between the parties. The plea form signed by all of the parties was filed on December 9, 2020. On January 6, 2021, the trial court sentenced Voris to 48 months in prison, with credit for 490 days already served. The court filed the

judgment entry of conviction on January 8, 2021.

**{¶ 12}** Voris appeals.

**{¶ 13}** Voris's first assignment of error is:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY FAILING TO PROVIDE APPELLANT A TRIAL WITHIN THE TIME PRESCRIBED BY LAW.

**{¶ 14}** Voris contends that his constitutional right to speedy trial was violated pursuant to the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution, because approximately one year had passed without his trial being held.   Voris also argues that his statutory right to speedy trial was violated pursuant to R.C. 2945.71 through R.C. 2945.73.

## I. Constitutional Right to Speedy Trial

**{¶ 15}** The Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, guarantee all criminal defendants the right to a speedy trial.   *State v. Gatewood*, 2d Dist. Clark No. 2010-CA-18, 2012-Ohio-202, ¶ 16.   Ohio's speedy trial statute, R.C. 2945.71, "was [enacted] to [realize] the constitutional protection of [this] right." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996); *see also State v. Large*, 2015-Ohio-33, 26 N.E.3d 328, ¶ 10 (2d Dist.).

**{¶ 16}** To determine whether a defendant's constitutional right to a speedy trial has been violated, a court should apply the four-factor balancing test adopted by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); s*ee also State v. Louis*, 2d Dist. Montgomery No. 27909, 2020-Ohio-951, ¶ 32. The factors include: (1) the length of the delay "between accusation and trial"; (2) the

reason for the delay; (3) the defendant's assertion, if any, of his right to a speedy trial; and (4) the prejudice, if any, to the defendant. *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 88.

{¶ 17} A "delay becomes presumptively prejudicial as it approaches one year," and unless the length of the delay "is presumptively prejudicial, there is no necessity for inquiry into the other factors." *Barker* at 530; *Adams* at ¶ 89-90.   None of the factors is controlling because a "balancing test necessarily compels" a court to evaluate an alleged speedy trial violation "on an ad hoc basis," meaning that the court must consider the totality of the circumstances. *Barker* at 530; *State v. Perkins*, 2d Dist. Clark No. 08-CA-0081, 2009-Ohio-3033, ¶ 8.

{¶ 18} As previously stated, on November 7, 2019, Voris filed a motion to suppress.   On the same day, Voris also filed an NGRI plea and suggestion of incompetency to stand trial.   It is undisputed that the motion to suppress could not be heard until Voris was evaluated by the FPC and a competency hearing was held.   On November 12, 2019, the trial court filed an entry ordering that Voris be evaluated by the FPC, and in December 2019, defense counsel filed a motion to extend the hearing and a request for an NGRI evaluation because Voris had refused to participate in the sanity evaluation.   The trial court granted the motion to extend and scheduled the competency hearing for December 19, 2019.

{¶ 19} On December 19, 2019, the trial court conducted a competency hearing at which both parties stipulated to a report from the FPC finding that Voris was competent to stand trial.   At the request of defense counsel, the trial court ordered the FPC to

conduct an NGRI evaluation of Voris with respect to his mental condition at the time of the offenses, because he had failed to cooperate with the evaluator in that regard during his first interview; Voris's NGRI examination was conducted on January 13, 2020. In early February 2020, the trial court held a hearing at which the parties stipulated to a report submitted by the FPC finding that Voris did not have any mental incapacity or suffer from any severe mental disease at the time of the offenses. Also on February 6, 2020, defense counsel request that the case be scheduled for a pretrial on March 2, 2020.

{¶ 20} On March 20, 2020, the State filed a motion to continue the motion to suppress hearing due to the COVID-19 pandemic and the mandatory quarantine in effect in Miami County. On March 23, 2020, the trial court continued the motion to suppress hearing "for a reasonable period of time," and a hearing on the motion to suppress was eventually held on May 5, 2020. The trial court overruled Voris's motion to suppress on June 11, 2020.

{¶ 21} In addition to the delays caused by the competency evaluations and the COVID-19 pandemic, the record establishes that Voris frequently refused to cooperate with defense counsel, claiming in several instances not to have recognized him. Furthermore, on July 2020, Voris filed several documents that he had drafted himself in which he claimed that his right to speedy trial had been violated and that he wanted different counsel. Counsel also filed a motion to withdraw. Shortly thereafter, the trial court granted counsel's motion to withdraw, and new counsel was appointed.

{¶ 22} The record reflects several reasons for the delay that were attributable to Voris, specifically his failure to cooperate with the NGRI evaluation in a timely fashion and his refusal to cooperate with defense counsel. Additionally, the trial court acted

reasonably when it continued Voris's motion to suppress hearing because of the restrictions and quarantine arising from the COVID-19 pandemic. In short, the record reveals that the majority of the delay between Voris's October 9, 2019, indictment and the adjudication of his motion was attributable to him and/or to forces outside the control of the trial court. Accordingly, the second *Barker* factor weighs against finding a constitutional speedy-trial violation.

{¶ 23} The next Barker factor is "the defendant's assertion of his right" to a speedy trial. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. " 'It is well established under our law that the right to a speedy trial conferred by the Constitution is not self-executing. Affirmative action on the part of an accused in the nature of a demand to be tried is necessary to invoke the protection of the Constitution.' " *Perkins*, 2d Dist. Clark No. 08-CA-0081, 2009-Ohio-3033, ¶ 12, quoting *Partsch v. Haskins*, 175 Ohio St. 139, 140, 191 N.E.2d 922 (1963). " 'In other words, there can be no denial where there has been no demand. The purpose of Section 10, Article I [of the Ohio Constitution] is to provide a trial for an accused without undue delay with its attendant anxieties and the possibility that the defense might be prejudiced by the lapse of time. However, it was not intended as a shield to the guilty, the protection of which might be invoked by sitting silently back and allowing the prosecution to believe that the accused is acquiescing in the delay. It is a right which must be claimed or it will be held to have been waived.' " *Id*. Here, the record establishes that Voris vigorously asserted his right to speedy trial in numerous filings, pro se and through counsel. Therefore, the third *Barker* factor weighs in favor of finding a constitutional speedy-trial violation.

{¶ 24} With regard to the fourth *Barker* factor, we see no actual prejudice to Voris

as a result of the delay, which, as noted above, was largely attributable to him. In his appellate brief, Voris argues that the over one-year delay in this case was "presumptively prejudicial." We note, however, that a finding of "presumptive prejudice" is merely a triggering mechanism under the first *Barker* factor, which justifies an inquiry into the other three factors. *State v. Kraus*, 2d Dist. Greene No. 2011-CA-35, 2013-Ohio-393, ¶ 23. The last of those other factors involves actual prejudice. Here, the only actual prejudice Voris suggests in his appellate brief is impairment of his defense, because he alleges that he suffers from dementia and "his ability to remember what happened in 2018 and 2019 has diminished greatly." Appellant's Brief, p. 13.

{¶ 25} Upon review, we find that any prejudice to Voris was solely attributable to him and the actions he took during these proceedings. Specifically, Voris's own actions undermine his claims regarding his alleged dementia: 1) he could recall facts sufficient to allegedly prepare a document to file criminal charges against the former assistant prosecuting attorney in this case and to file a federal indictment against her and request protection under whistleblower laws; 2) he could recall the facts of a 1997 memorandum drafted on his behalf and sent to several CEOs of large companies such as Microsoft and Oracle; 3) he could describe his past communications with well-known government employees and businessmen; and 4) he could discuss at length his own theory, which he called the "paradigm of threes." *See* Letter to the Court, July 7, 2020. Additionally, following Voris's forensic evaluation in January 2020, Dr. Adkins stated that Voris displayed no memory deficits during the evaluation and demonstrated adequate short- and long-term memory. In light of the foregoing, we find that Voris's constitutional right to a speedy trial was not violated.

**Statutory Right to Speedy Trial**

{¶ 26} We also agree with the State's assessment that no statutory violation occurred. Ohio's speedy trial statutes constitute a rational effort to implement the constitutional right to a speedy trial and are to be strictly enforced. *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). In Ohio, R.C. 2945.71 requires the State to bring a felony defendant to trial within 270 days of arrest. R.C. 2945.71(C). Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three days pursuant to the "triple-count" provision of R.C. 2945.71(E). This triple-count provision reduces to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial. *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 31 (2d Dist.). Pursuant to R.C. 2945.72, however, the time within which an accused must be brought to trial is extended by a period of delay caused by his own motions. *State v. McClain*, 2015-Ohio-3691, 41 N.E.3d 882, ¶ 11 (2d Dist.).

{¶ 27} We have already analyzed Voris's speedy trial argument based upon an alleged violation of his constitutional rights. Other than mentioning the statutes involved, R.C. 2945.71 through R.C. 2945.73, Voris has failed to provide any additional arguments in his appellate brief in support of his claim that his statutory rights to a speedy trial were violated. Furthermore, both the State and the trial court addressed this issue, and the trial court found that Voris's statutory speedy trial rights had not been violated.

{¶ 28} As previously stated, Voris filed a pro se petition for release on July 7, 2020. The State opposed the petition, arguing that there were still 48 days to try his case once the trial court ruled on his competency. On September 1, 2020, Voris, represented by counsel, filed a reply to the State's memorandum in opposition in which he did not dispute

the State's calculation of the days remaining to try his case; he only argued that he was entitled to discharge because he had been deprived of his constitutional right to speedy trial. The State responded that "the delays in this case were primarily caused by [Voris], either through his delay in cooperating with the metal evaluations he requested or with his attorney."

{¶ 29} The trial court found that neither Voris's statutory right to speedy trial nor his constitutional right to a speedy trial had been violated. The trial court also found that, by its calculation, the State had 20 days left to bring the case to trial once the trial court determined whether Voris was competent to stand trial. On October 26, 2020, the trial court conducted a competency hearing, and the parties again stipulated to a report from the FPC finding that Voris was competent to stand trial. The trial court issued an order to that effect on November 5, 2020.

{¶ 30} As previously stated, on November 16, 2020, the trial court scheduled Voris's trial for December 8, 2020, and explained its reasons for setting Voris's trial date outside of the statutorily-required time period. Specifically, the trial court stated that it had discussed an appropriate trial date with both parties and found that the first available trial date was December 8, 2020. Relying upon R.C. 2945.72(H), the trial court held that it could sua sponte issue a reasonable continuance. The trial court based its decision to continue Voris's trial arguably outside of speedy trial time upon the COVID-19 pandemic and the fact that Miami County remained in a state of emergency because of the virus. Additionally, the trial court noted that Miami County had recently been designated a "red county" by the Ohio governor on November 12, 2020. The trial court defined "red" as "very high exposure and spread." The trial court also referenced Opinion No. 2020-002

from the Ohio Attorney General, which stated that "Courts may suspend jury trials to prevent the spread of the novel coronavirus, *and they may do so consistent with state and federal speedy-trial obligations.* * * * Although tolling speedy trial time by suspending jury trial activity is an extraordinary step, it is lawful – and responsible – to do so during a pandemic emergency."   Voris did not further challenge the State's or the trial court's calculation of statutory speedy trial time in his reply to the State's memorandum in opposition to his petition for release or in his appellate brief now before this Court. Therefore, we find that Voris's statutory rights to a speedy trial were not violated.

{¶ 31} Voris's first assignment of error is overruled.

{¶ 32} Voris's second assignment of error is:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AND FAILED TO EXERCISE ANY DISCRETION WHEN IT DENIED HIS REQUEST FOR A THIRD COMPETENCY EVALUATION AND FOUND APPELLANT COMPETENT TO STAND TRIAL.

{¶ 33} Voris argues that the trial court erred when it denied his request for a third competency evaluation after observing his erratic behavior at an unsuccessful plea hearing held on November 30, 2020.

{¶ 34} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995).   If a defendant "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[,]" he may not stand trial. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155.

{¶ 35} This due process right has been codified at R.C. 2945.37, which provides in pertinent part:

(B) In a criminal action in a court of common pleas, * * * [the] defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. * * *

(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *.

{¶ 36} R.C. 2945.371 provides that if the issue of a defendant's competence to stand trial is raised under R.C. 2945.37, the court may order one or more, but not more than three, evaluations of the defendant's present mental condition. Further, R.C. 2945.37(E) states that "[t]he prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but, if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule."

{¶ 37} The use of the word "may" in these statutes indicates that the decision whether to order an examination is a matter within the trial court's discretion. "Taken as a whole, the provisions of R.C. 2945.37 and 2945.371 support the inference that when the initial hearing on a competency motion is held, the trial court is only required to give

the defendant, or his counsel, the chance to submit evidence on the issue." *State v. Bailey*, 90 Ohio App.3d 58, 67, 627 N.E.2d 1078 (11th Dist.1992). "If this evidence raises a genuine question as to the defendant's competency, the court can order that one or more evaluations be performed." *Id.*; *State v. Carson*, 2d Dist. Greene No. 2002-CA-73, 2003-Ohio-5958, ¶ 30.

{¶ 38} Thus, we review the decision of the trial court regarding competency evaluations for an abuse of discretion. *State v. Curry*, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 40; *State v. Cook*, 2016-Ohio-2823, 64 N.E.3d 350, ¶ 63 (5th Dist.); *State v. Patton*, 10th Dist. Franklin No. 08AP-800, 2009-Ohio-1382, ¶ 8. In order to find that the trial court abused its discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 39} In determining whether a defendant is competent to stand trial, the test is " ' "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 32, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). It is with this standard in mind that we review the evidence in this record to determine whether Voris raised a genuine question as to his competency to stand trial and whether the trial court abused its discretion by declining to order a *third* evaluation.

{¶ 40} During the first competency hearing on December 19, 2019, the trial court

stated that an evaluation had been held, and the court had received a report dated November 26, 2019, which found that Voris was competent to stand trial pursuant to R.C. 2945.371(G)(3). Tr. p. 2. Defense counsel replied Voris would stipulate to that report as to competency only, and that counsel believed his client was competent. As previously stated, the trial court then reordered an evaluation for NGRI and scheduled another hearing once the report was received.

{¶ 41} On February 6, 2020, the trial court held a second hearing at which it referenced a January 14, 2020, report from the FPC regarding Voris's "condition"; according to the court, that report also indicated that Voris was "okay to proceed with trial." Tr. p. 2. The trial court further stated that the report indicated that there was "no issue and that defendant can proceed not having any mental incapacity or severe mental disease at the time of the offense." Tr. p. 3. Voris and defense counsel again stipulated to the contents of the FPC report finding him to have been sane at the time of the offenses.

{¶ 42} Thereafter, at the request of Voris's newly appointed counsel, a third competency hearing was held on October 26, 2020. At that time, the parties again stipulated to a FPC report, dated October 15, 2020, which found Voris competent to stand trial. Voris then pled guilty to one count of unlawful sexual conduct with a minor in exchange for dismissal of the other counts. However, because of Voris's erratic behavior at the plea hearing, the trial court was unable to take his guilty plea, and the case remained set for trial. On December 4, 2020, Voris filed a motion for a competency hearing based upon his behavior at the plea hearing. On the same day, the trial court held a competency hearing at which it heard Voris's testimony regarding his behavior at the abortive plea hearing. At the end of the hearing, the trial court found Voris competent

to stand trial and denied his request for an additional evaluation at the FPC.

{¶ 43} In our view, the trial court did not abuse its discretion when it denied Voris's request for yet another mental evaluation. At the hearing held on December 4, 2020, the trial court stated the following after hearing Voris's testimony:

* * * [T]he court denies the motion. Based upon the information presented to this court. We have been in court since around September of 2019. The court has had various conversations with the defendant. As indicated, there were two prior competencies and an evaluation for the mental health at the time of the offenses. All three came back indicating there was no issue. There is no type of report indicating there was prior mental health history. On December 19, 2019, when we were in court for the competency [hearing], the defendant stated that he had no prior mental health history documented. He felt like there were people who thought maybe he did need some mental health treatment, but there was no doctor, no treatment and no medication. It wasn't until today that we heard in that in 1986 there was some type of diagnosis.

Additionally, we were in court on Monday [November 30, 2020], where the defendant would be what I would describe as agitated, shaking, irritable, not wanting to listen to the court or go through with things and then as soon as the court changed direction and said we were not going to do what we originally came for, the defendant instantly was calm and indicated that he had calmed down. Today there's been absolutely no issue. The defendant is completely calm, polite, respectful, answers the questions

posed by the court. He indicates, maybe not directly, to the questions, answered [sic] of the court about the difference between guilty or not guilty, he certainly indicated through his answers he knows that – that there is a difference between guilty, not guilty, right, wrong, done something or not done something. Those all indicate to the court that there is an understanding – the basic understanding of right and wrong. * * *

Tr. (December 4, 2020), p. 21-22.

{¶ 44} The transcript of the October 20, 2015 hearing shows that Voris's responses to questions posed by the trial court were coherent and appropriate. While Voris did note some issues with his short-term memory, he did not claim that it affected his ability to understand the proceedings against him or his ability to assist counsel with his defense. Accordingly, we conclude that the trial court did not abuse its discretion in declining to order a third evaluation, as Voris's testimony did not raise a genuine question of his ability to understand the proceedings or to aid his attorneys.

{¶ 45} Voris's second assignment of error is overruled.

{¶ 46} Because they are interrelated, we will discuss Voris's third and fourth assignments of error together:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING A PLEA OF GUILTY THAT WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN IN VIOLATION OF CRIM.R. 11.

APPELLANT'S PLEA AND SENTENCE/TERMINATION ENTRY WERE CONTRARY TO LAW IN VIOLATION OF HIS FUNDAMENTAL

RIGHTS TO EQUAL PROTECTIONS AND FUNDAMENTAL FAIRNESS AND DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTIONS 10 AND 16; ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 47} Voris's appellate brief does not address his final two assignments of error and contains no arguments supporting either assignment.  Nonetheless, we have reviewed the transcript of Voris's plea hearing and find that the trial court substantially complied with Crim.R. 11.   Additionally, the trial court's judgment entry of conviction filed on January 8, 2021, in no way violated Voris's constitutional rights to equal protection, fundamental fairness, and due process of the law.

{¶ 48} Voris's third and fourth assignments are overruled.

{¶ 49} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Matthew C. Joseph
Carlo C. McGinnis
Hon. Stacy M. Wall