[Cite as *State v. Jackson*, 2022-Ohio-1522.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29226 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1064 |
| | : | |
| BARNARD M. JACKSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of May, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

BYRON K. SHAW, Atty. Reg. No. 0073124, 4800 Belmont Place, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Barnard M. Jackson, appeals from his conviction in the Montgomery County Court of Common Pleas after pleading no contest to felonious assault, having weapons while under disability, discharging a firearm on or near a prohibited premises, and improperly handling firearms in a motor vehicle. On December 8, 2021, Jackson's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any issues with arguable merit for appeal. On December 10, 2021, this court notified Jackson that his counsel had found no meritorious claims for appeal, and we granted Jackson 60 days to file a pro se brief assigning any errors for review. On January 10, 2022, Jackson filed a pro se brief wherein he raised seven assignments of error that pertained to his speedy trial rights and his presentence motion to withdraw his no contest plea. The State then filed a notice of intent not to respond to the arguments in Jackson's pro se brief.

{¶ 2} For the reasons outlined below, we find that all of Jackson's pro se arguments lack arguable merit. Furthermore, after conducting an independent review of the record as required by *Anders*, we find no issues with arguable merit for Jackson to advance on appeal. Therefore, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 3} On May 14, 2020, a Montgomery County grand jury returned an indictment charging Jackson with one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of having weapons while under disability in

violation of R.C. 2923.13(A)(2), a felony of the third degree; one count of discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3), a felony of the third degree; one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(A), a felony of the fourth degree. The charge for felonious assault also included a five-year firearm specification.

{¶ 4} On May 19, 2020, Jackson pled not guilty to all the indicted charges at his arraignment. Jackson's counsel thereafter filed a motion to suppress on June 30, 2020. The motion sought to suppress statements that Jackson had made to law enforcement while he was arrested and in jail. On July 30, 2020, the trial court held a suppression hearing. Detective Jacob Rillo of the Dayton Police Department was the only witness to testify at the hearing. Det. Rillo's testimony indicated that Jackson had made certain statements during an attempted jail interview that Jackson terminated before the detective could provide *Miranda* warnings. Specifically, Det. Rillo testified that after he introduced himself to Jackson, Jackson asked him what he had been charged with and if anyone had been killed. Det. Rillo testified that when he told Jackson that he had been charged with felonious assault and that no one had been killed, Jackson said: "[T]here's nobody killed, so I ain't got nothing to say." Suppression Hearing Trans. (July 30, 2020), p. 13. Det. Rillo testified that after Jackson made that statement he terminated the interview. Det. Rillo also testified that Jackson's statement was not made in response to any questioning.

{¶ 5} Following the suppression hearing, the trial court accepted post-hearing

briefs on the motion, which the parties filed on August 6 and 7, 2020. However, before a decision was rendered on the motion to suppress, on August 24, 2020, Jackson filed a pro se motion asking the trial court to remove his counsel from the case so that Jackson could represent himself. In light of Jackson's motion, and due to Jackson's failure to communicate, Jackson's counsel filed a motion to withdraw from the case. On September 16, 2020, Jackson and his counsel attended a scheduling conference, which turned into a hearing on the aforementioned motions. During the hearing, Jackson advised the trial court that he wanted to have new counsel appointed to his case. The trial court granted Jackson's request and issued an order appointing new counsel on September 18, 2020. The scheduling conference was then continued to September 23, 2020.

{¶ 6} On September 23, 2020, Jackson's newly-appointed counsel requested a two-week continuance of the scheduling conference in order to obtain further discovery from the State. The trial court granted the request, and the scheduling conference was continued to October 7, 2020. Jackson, who was not pleased with his new counsel's representation, thereafter filed another pro se motion asking the trial court to remove his counsel so that he could represent himself. Because of that motion, the October 7, 2020 scheduling conference was continued for purposes of holding a hearing to ensure that Jackson understood the consequences of waiving his right to counsel. The waiver hearing was held on October 14, 2020. During that hearing, the trial court questioned Jackson extensively in order to ensure that Jackson was knowingly, intelligently, and voluntarily waiving his right to counsel. After doing so, the trial court accepted Jackson's

oral and written waiver and ordered Jackson's former counsel to remain in the case as standby counsel.

{¶ 7} Following Jackson's waiver of his right to counsel, the trial court held a status conference on October 21, 2020. During the status conference, the trial court confirmed that Jackson had no other evidence or filings pertaining to his motion to suppress. Once receiving that confirmation, the trial court considered the suppression matter submitted to the court and advised Jackson that a written decision would be forthcoming. However, before the trial court could issue a decision, Jackson filed a notice of appeal with this court on November 10, 2020. In the notice of appeal, Jackson argued that the trial court had violated his right to a speedy trial. The State thereafter filed a motion to dismiss Jackson's appeal on grounds that Jackson had failed to identify what order of the trial court he was seeking to appeal. On November 25, 2020, Jackson filed a motion to voluntarily dismiss his appeal. This court sustained Jackson's motion and dismissed the appeal on December 24, 2020. *See State v. Jackson*, 2d Dist. Montgomery No. 28955 (Final Judgment Entry).

{¶ 8} On December 15, 2020, while Jackson's appeal was still pending, Jackson filed a motion in the trial court to dismiss the indicted charges on grounds that he had been denied his right to a speedy trial. The trial court thereafter issued an entry and order advising that it lacked jurisdiction over the motion due to Jackson's pending appeal. Once Jackson's appeal was dismissed, on February 10, 2021, the trial court held a brief hearing on the motion to dismiss. During the hearing, the State asked for three weeks to file a response to Jackson's motion, which the trial court granted. The trial court also

granted Jackson two weeks to file a reply to the State's response. Thereafter, Jackson addressed the trial court and asked why the court had not yet ruled on his motion to suppress. In response, the trial court advised Jackson that the court first needed to rule on his motion to dismiss since the outcome of that motion could possibly result in the dismissal of his case.

{¶ 9} On April 23, 2021, the trial court issued a decision overruling Jackson's motion to dismiss on grounds that Jackson's speedy trial time had been tolled by Jackson's filing a motion to suppress. Approximately two months later, on June 18, 2021, the trial court issued a decision overruling Jackson's motion to suppress. Specifically, the trial court found that the statement Jackson sought to have suppressed did not fall under the protections afforded in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1996), because the statement was spontaneous and not made in response to a custodial interrogation. After overruling Jackson's motion to suppress, the trial court scheduled a jury trial for July 12, 2021.

{¶ 10} On the day of trial, Jackson had a discussion with the trial court and confirmed that his speedy trial argument would be preserved for appeal if he entered a no contest plea. After receiving this information, Jackson advised the trial court that he wanted to accept a plea agreement that was offered by the State and to have standby counsel reinstated as his counsel. The plea agreement required Jackson to plead no contest to felonious assault with a reduced three-year firearm specification, having weapons while under disability, discharging a firearm on or near a prohibited premises, and improperly handling firearms in a motor vehicle. In exchange for Jackson's no

contest plea, the State agreed to dismiss the charge for tampering with evidence. The parties also jointly agreed to Jackson's receiving an aggregate, indefinite sentence of five to six years in prison.

{¶ 11} After reinstating Jackson's counsel and giving Jackson an opportunity to confer with counsel, the trial court conducted a Crim.R. 11 plea colloquy. The trial court then accepted Jackson's no contest plea and found him guilty of the aforementioned charges. The trial court also ordered a presentence investigation report and scheduled the matter for sentencing.

{¶ 12} Prior to the sentencing hearing, Jackson filed a pro se motion to withdraw his no contest plea. In the motion, Jackson failed to cite any basis or reasoning for wanting to withdraw his plea. At the sentencing hearing, the trial court addressed Jackson's plea withdrawal motion and asked both Jackson and his counsel if they wanted to add anything to the motion. In response, neither Jackson nor his counsel made any comment about the motion, and Jackson specifically indicated that there was nothing more he wanted to add. The State argued that Jackson's motion should be overruled because it provided no basis for withdrawing the plea and because it represented a mere change of heart.

{¶ 13} After hearing from the parties, the trial court overruled Jackson's motion to withdraw his no contest plea. Following that ruling, Jackson briefly stated that he had filed the motion because he felt that he was forced to take the plea and because he had never had time to speak with his counsel about the plea. The trial court, however, found that the matter had already been ruled on and proceeded to sentencing.

{¶ 14} During Jackson's sentencing, the trial court imposed an indefinite term of two to three years in prison for felonious assault, and a mandatory three-year prison term for the attendant firearm specification. The trial court ordered the three-year prison term for the firearm specification to run prior and consecutively to the indefinite two-to-three year term for felonious assault. The trial court also imposed 24 months in prison for having weapons while under disability, 24 months in prison for discharging a firearm on or near a prohibited premises, and 18 months in prison for improperly handling firearms in a motor vehicle. The trial court ordered those three sentences to run concurrently with each other and concurrently with the sentences imposed for felonious assault and the firearm specification. Therefore, the trial court ultimately imposed the agreed indefinite sentence of five to six years in prison.

{¶ 15} After sentencing, Jackson appealed from his conviction. As previously discussed, Jackson's appellate counsel filed a brief under the authority of *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any issues with arguable merit for appeal. Counsel did not raise any potential assignments of error in the *Anders* brief. Jackson, however, filed a pro se brief raising seven assignments of error for review. Therefore, we will first review Jackson's pro se assignments of error and then conduct an independent review of the record as required by *Anders*.

**Standard of Review**

{¶ 16} In *Anders* cases, we are charged with conducting an independent review of the record "to determine whether any issues involving potentially reversible error that are

raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' " *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7, quoting *Anders* at 744.   An issue is wholly frivolous if it lacks arguable merit, meaning that "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."   *Id*. at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.   If we find that any issue—whether presented by appellate counsel, presented by the appellant, or found through an independent analysis—is not wholly frivolous, we must appoint different appellate counsel to represent the appellant.   *Id*. at ¶ 7, citing *Pullen*.

### Pro Se Assignments of Error

{¶ 17} The arguments raised under Jackson's first six pro se assignments of error all concern Jackson's claim that he was denied his right to a speedy trial.   To assist in addressing each of these arguments, we will first discuss the general principles of law pertaining to speedy trial claims.

### *Constitutional Right to Speedy Trial*

{¶ 18} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Section 10, Article I of the Ohio Constitution.   *State v. Taylor,* 2d Dist. Greene No. 2021-CA-2, 2021-Ohio-2701, ¶ 7, citing *State v. Lackey*, 2015-Ohio-5492, 55 N.E.3d 613, ¶ 21 (2d Dist.), citing *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989).   To determine whether a defendant's constitutional right to

a speedy trial has been violated, courts should apply the four-factor balancing test in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors to be balanced are: (1) the length of the delay between accusation and trial; (2) the reason for the delay; (3) the defendant's assertion, if any, of his right to a speedy trial; and (4) the prejudice, if any, to the defendant. *State v. Voris*, 2d Dist. Miami No. 2021-CA-2, 2022-Ohio-152, ¶ 16, citing *Barker*, *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), and *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 88. "[T]hese four factors are balanced considering the totality of the circumstances, with no one factor controlling." *State v. Perkins*, 2d Dist. Clark No. 2008-CA-81, 2009-Ohio-3033, ¶ 8, citing *Barker*.

{¶ 19} We note that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other [three] factors that go into the balance." *Barker* at 530; *Adams* at ¶ 89. "A delay becomes presumptively prejudicial as it approaches one year in length." *Adams* at ¶ 90, citing *Doggett* at 652. However, "a finding of 'presumptive prejudice' is merely a triggering mechanism under the first *Barker* factor, which justifies an inquiry into the other three factors." *Voris* at ¶ 24, citing *State v. Kraus*, 2d Dist. Greene No. 2011-CA-35, 2013-Ohio-393, ¶ 23.

*Statutory Right to Speedy Trial*

{¶ 20} In Ohio, the constitutional right to a speedy trial is statutorily enforced by the provisions in R.C. 2945.71 et seq. *Lackey,* 2015-Ohio-5492, 55 N.E.3d 613, at ¶ 21*,* citing *Adams* at 68. Under R.C. 2945.71(C)(2), the State is required to bring a felony

defendant to trial within 270 days after the defendant's arrest. Each day the person is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). Therefore, if a felony defendant is held in jail the entire time preceding trial, the time for bringing the defendant to trial is reduced to 90 days. *Voris* at ¶ 26, citing *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 31 (2d Dist.). "For a violation of the rights these sections confer, a defendant may seek a discharge from criminal liability pursuant to R.C. 2945.73." *State v. Kerby*, 162 Ohio App.3d 353, 2005-Ohio-3734, 833 N.E.2d 757, ¶ 18.

*First Assignment of Error*

{¶ 21} Under his first assignment of error, Jackson contends that his right to a speedy trial was violated because the trial court did not schedule his trial date in accordance with R.C. 2945.02. R.C. 2945.02 provides that: "The court of common pleas shall set all criminal cases for trial for a day not later than thirty days after the date of entry of the plea of the defendant." The statute also provides that: "The failure of the court to set such criminal cases for trial, as required by this section, does not operate as an acquittal[.]" R.C. 2945.02.

{¶ 22} In this case, it is clear from the record that Jackson's case was not set for trial within 30 days after Jackson pled not guilty at his arraignment hearing. R.C. 2945.02, however, specifically indicates that the trial court's failure to comply with the 30-day requirement does not operate as an acquittal. Such a failure also does not necessarily amount to a speedy-trial violation. As previously discussed, a speedy trial

violation is determined by applying the four-factor balancing test in *Barker* and the relevant provisions in R.C. 2945.71 et seq. Therefore, contrary to Jackson's claim otherwise, the trial court's failure to set a trial date within 30 days after Jackson's arraignment was not a basis for dismissing the indicted charges on speedy trial grounds.

**{¶ 23}** For the foregoing reasons, Jackson's first assignment of error lacks arguable merit.

*Second, Third, and Fourth Assignments of Error*

**{¶ 24}** Jackson's second, third, and fourth assignments of error all relate to whether the trial court violated the speedy trial time requirement set forth in R.C. 2945.71. Specifically, Jackson claims that the trial court took too long to rule on his pending motions to dismiss and suppress, and that the resulting delay deprived him of his right to a speedy trial.

**{¶ 25}** The record indicates that Jackson was held in jail in lieu of bail from the date of his arrest, April 10, 2020. Therefore, the triple-count provision in R.C. 2945.71(E) applied, and the State was required to bring Jackson to trial within 90 days after April 10, 2020. This time limit, however, may be extended or "tolled" for the reasons listed in R.C. 2945.72. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 8. As relevant to this case, those reasons include:

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]

R.C. 2945.72(E), (G) and (H).

{¶ 26} Jackson does not dispute that his 90-day speedy trial time was tolled as a result of the General Assembly's passing Am.Sub.H.B. 197 in response to the COVID-19 pandemic. This legislation applied to Jackson because it tolled speedy trial times that were set to expire between March 9, 2020 and July 30, 2020, and Jackson's speedy trial time was set to expire on July 9, 2020. The tolling order "effectively [froze] time from March 9 until the expiration of the order. For example, if a deadline was set to expire on March 19 (10 days after the effective date of the order), then the deadline [would] expire 10 days after the end of the emergency period." *State v. Lewis*, 2d Dist. Montgomery No. 28962, 2021-Ohio-1895, ¶ 42. "The Supreme Court of Ohio also issued an order on March 27, 2020, tolling deadlines retroactively for the same period of time." *Id.* at ¶ 41, citing *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974.

{¶ 27} As previously noted, Jackson's speedy trial deadline was set to expire on July 9, 2020, which was 122 days after the effective date of the tolling order. Therefore, Jackson's new speedy trial deadline was calculated by adding 122 days to the tolling

order's expiration date (July 30, 2020). *Id.* at ¶ 42-43. Accordingly, the tolling order extended Jackson's speedy trial deadline to November 29, 2020.

{¶ 28} In addition to that tolling period, Jackson's motion to suppress tolled the speedy trial time pursuant to R.C. 2945.72(E), as did the multiple pro se motions that Jackson subsequently filed in order to have two of his appointed counsels removed. The pro se motions resulted in several hearings and continuances that also delayed the trial court's ability to rule on the motion to suppress. Because of this, the suppression matter was not deemed submitted to the trial court until October 21, 2020. Shortly after the suppression matter was deemed submitted, Jackson filed an appeal on November 10, 2020, which divested the trial court of jurisdiction over the case. The appeal was also a tolling event under R.C. 2945.72(E). Furthermore, while the appeal was pending, Jackson filed a pro se motion to dismiss the indicted charges on speedy trial grounds, which tolled the speedy trial time under R.C. 2945.72(E) as well.

{¶ 29} The following is a breakdown of the tolling events and the days tolled as a result of the motions, continuances, and the appeal filed by Jackson:

| Days Tolled | Tolling Period | Tolling Events |
|---|---|---|
| 0 days | 6-30-2020 to 7-30-2020 | **Motion to Suppress - R.C. 2945.72(E)**<br>• June 30, 2020 – Jackson's appointed counsel files a motion to suppress.<br>(This event takes place within the period of the COVID-19 tolling order, which expired on July 30, 2020. Therefore, the period of time between the filing of the motion to suppress and the expiration of the tolling order was already tolled by virtue of the COVID-19 tolling order.) |

| 25 days | 7-30-2020 to 8-24-2020 | **Motion to Suppress Continued- R.C. 2945.72(E)** |
|---|---|---|
| | | • July 30, 2020 - The trial court holds a hearing on Jackson's motion to suppress. |
| | | • August 6, 2020 - Jackson files a post-hearing brief on motion to suppress. |
| | | • August 7, 2020 - State files a response opposing Jackson's post-hearing brief. |
| | | • August 24, 2020 - The trial court's suppression ruling is delayed by Jackson's filing his first pro se motion to remove counsel. |
| 25 days | 8-24-2020 to 9-18-2020 | **First Pro Se Motion to Remove Counsel - R.C. 2945.72(E)** |
| | | • August 24, 2020 - Jackson files his first pro se motion to remove counsel. |
| | | • September 16, 2020 - The trial court converts scheduling conference to a hearing on Jackson's motion to remove counsel. |
| | | • September 18, 2020 – The trial court issues an order appointing new counsel to Jackson. |
| 14 days | 9-23-2020 to 10-7-2020 | **Requested Continuance - R.C. 2945.72(H)** |
| | | • September 23, 2020 - Jackson's new counsel requests a two-week continuance of the September 23rd scheduling conference in order to obtain further discovery from the State.   The trial court granted the requested continuance and reset the scheduling conference for October 7, 2021. |
| 7 days | 10-7-2020 to 10-14-2020 | **Second Pro Se Motion to Remove Counsel - R.C. 2945.72(E)** |
| | | • October 7, 2020 - The trial court continues the scheduling conference due to Jackson's filing a second pro se motion to remove counsel on September 30, 2020. |
| | | • October 14, 2020 - The trial court holds a waiver of right to counsel hearing. |
| 20 days | 10-21-2020 to 11-10-2020 | **Motion to Suppress Continued - R.C. 2945.72(E)** |
| | | • October 21, 2020 – The trial court deems the suppression matter officially submitted to the court following Jackson waiving his right to counsel. |

| | | |
|---|---|---|
| | | • November 10, 2020 – The suppression ruling is delayed by Jacksons filing an appeal which divests the trial court of jurisdiction. |
| 44 days | 11-10-2020 to 12-24-2020 | **Appeal - R.C. 2945.72(E)**<br>• November 10, 2020 - Jackson files notice of appeal.<br>• December 24, 2020 - Jackson's appeal is dismissed. |
| 120 days | 12-24-2020 to 4-23-2021 | **Pro Se Motion to Dismiss - R.C. 2945.72(E)**<br>• December 15, 2020 - Jackson files a pro se motion to dismiss the indicted charges on speedy trial grounds, which the trial court did not have jurisdiction to consider until after the appeal was dismissed on December 24, 2020.<br>• February 10, 2021 - The trial court holds a brief hearing on Jackson's motion to dismiss and grants the State three weeks to file a memorandum in response and grants Jackson two weeks to file a reply.<br>• April 23, 2021 - The trial court overrules Jackson's motion to dismiss. |
| 56 days | 4-23-2021 to 6-18-2021 | **Motion to Suppress Continued - R.C. 2945.72(E)**<br>• June 18, 2021 – The trial court overrules Jackson's motion to suppress approximately two months after overruling Jackson's motion to dismiss. |

**{¶ 30}** When added together, the foregoing breakdown of days tolled shows that a total of 311 days were tolled for reasons set forth in R.C. 2945.72. That extended the November 29, 2020 speedy trial deadline occasioned by Am.Sub.H.B. 197 to October 6, 2021. The record indicates that Jackson's trial was scheduled on July 12, 2021, which was well before the October 6, 2021 deadline. Therefore, we do not find that the trial court violated the speedy trial time requirement under R.C. 2945.71, as the delay in

bringing Jackson to trial was permitted under the provisions of R.C. 2945.72. Accordingly, there was no statutory speedy trial violation.

{¶ 31} Although not specifically argued by Jackson, we also do not find a constitutional speedy trial violation. As previously noted, we use the four-factor balancing test in *Barker* to determine whether a constitutional speedy trial violation has occurred. *Voris,* 2d Dist. Miami No. 2021-CA-2, 2022-Ohio-152, at ¶ 16, citing *Barker*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. The first factor—the length of the delay between accusation and trial—triggers our review of the other three factors since the delay in this case is over a year and thus presumptively prejudicial. *See id.* at ¶ 24; *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 90, citing *Doggett*, 505 U.S. 647 at 652, 112 S.Ct. 2686, 120 L.Ed.2d 520. As previously discussed, the three other factors are: (1) the reason for the delay; (2) whether the defendant asserted his right to a speedy trial; and (3) whether the defendant suffered any prejudice. *Voris* at ¶ 16, citing *Barker.* (Other citations omitted.)

{¶ 32} In reviewing those factors, we find that Jackson asserted his right to a speedy trial multiple times during the proceedings in this case and in his pro se motion to dismiss, which weighs in favor of finding a constitutional speedy trial violation. *Voris* at ¶ 23. However, the record also reveals that the delay in this case was largely attributable to Jackson's continuous filings and to the ongoing COVID-19 pandemic, which was outside the trial court's control. This weighs against finding a constitutional speedy trial violation. *Id.* at ¶ 22. Since the delay was largely attributable to Jackson's own actions, we also find no resulting prejudice, which also weighs against finding a constitutional

speedy trial violation. *Id.* at ¶ 24-25. While we agree that the trial court took an extended period of time to rule on Jackson's motion to suppress, we find that the delay was reasonable given the ongoing, unprecedented COVID-19 pandemic, which has caused considerable backlogs and scheduling difficulties in the trial courts. Therefore, when weighing these factors, we do not find a constitutional speedy trial violation under the circumstances of this case.

{¶ 33} For the foregoing reasons, Jackson's second, third, and fourth assignments of error lack arguable merit.

*Fifth Assignment of Error*

{¶ 34} Under his fifth assignment of error, Jackson contends that his right to a speedy trial was violated because the trial court failed to comply with Rule 39 of the Ohio Rules of Superintendence. That rule provides, in relevant part, as follows:

(B) Criminal Case Time Limits.

(1) In common pleas court, all criminal cases shall be tried within six months of the date of arraignment on an indictment or information. In municipal and county court, all criminal cases shall be tried within the time provided in Chapter 2945 of the Revised Code. Whenever a hearing or trial time is extended or shortened pursuant to section 2945.72 of the Revised Code or Criminal Rule 5 or 45, the judge shall state the reason for the change in an order and journalize the order.

Sup.R. 39(B)(1).

{¶ 35} It is well-established that " 'the Rules of Superintendence are only general guidelines for the court to follow * * * and do not give rise to substantive rights. * * * In other words, the Ohio Rules of Superintendence are purely internal housekeeping rules which do not create substantive rights in individuals or procedural law." *In re J.S.*, 2d Dist. Clark No. 2013-CA-48, 2013-Ohio-5756, ¶ 44, quoting *In re R.S.*, 4th Dist. Highland No. 11CA29, 2012-Ohio-2016, ¶ 41. Because "the Rules of Superintendence do not alter the basic substantive rights of a criminal defendant[,]" Jackson cannot use Sup.R. 39(B)(1) to establish that his speedy trial rights were violated. *State v. Burnette*, 7th Dist. Columbiana No. 09 CO 44, 2011-Ohio-6400, ¶ 13, citing *State v. Singer*, 50 Ohio St.2d 103, 110, 362 N.E.2d 1216 (1977). Whether Jackson's right to a speedy trial was violated is instead determined by applying the four-factor balancing test in *Barker* and the relevant provisions in R.C. 2945.71 et seq.

{¶ 36} For the foregoing reasons, Jackson's fifth assignment of error lacks arguable merit.

*Sixth Assignment of Error*

{¶ 37} Under his sixth assignment of error, Jackson contends that the trial court erred by failing to grant his December 15, 2020 motion to dismiss because the trial court misconstrued the motion as challenging the sufficiency of the indictment as opposed to raising a speedy trial violation. While the trial court did analyze the sufficiency of the indictment in its decision overruling Jackson's motion to dismiss, the trial court also determined that there was no speedy trial violation since the speedy trial time had been

tolled by Jackson filing a motion to suppress—a motion which was still pending at the time Jackson filed his motion to dismiss. As discussed more fully under Jackson's second, third, and fourth assignments of error, we find that, due to various tolling events caused by Jackson and the COVID-19 pandemic, Jackson was not subject to a constitutional or statutory speedy trial violation. Therefore, the trial court did not err in denying Jackson's motion to dismiss.

{¶ 38} For the foregoing reasons, Jackson's sixth assignment of error lacks arguable merit.

*Seventh Assignment of Error*

{¶ 39} Under his seventh assignment of error, Jackson contends that the trial court erred by overruling his presentence motion to withdraw his no contest plea without holding a hearing.

{¶ 40} In *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), the Supreme Court of Ohio held that when ruling on a presentence motion to withdraw a plea, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus. *Xie,* however*,* did not specifically indicate what type of hearing is required for such a motion. *State v. Hurlburt*, 10th Dist. Franklin No. 12AP-231, 2013-Ohio-767, ¶ 7; *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 24; *State v. Taylor*, 12th Dist. Butler No. CA2013-10-186, 2014-Ohio-3080, ¶ 9.

{¶ 41} This court has previously held that a trial court's "inviting and hearing oral

arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion." *State v. Forest*, 2d Dist. Montgomery No. 19649, 2003-Ohio-1945, ¶ 19, citing *State v. Holloman*, 2d Dist. Greene No. 2000-CA-82, 2001 WL 699533 (June 22, 2001) and *State v. Mooty*, 2d Dist. Greene No. 2000-CA-72, 2001 WL 991976 (Aug. 31, 2001). *Accord State v. Santiago*, 195 Ohio App.3d 649, 2011-Ohio-5292, 961 N.E.2d 264, ¶ 75 (2d Dist.) (Hall, J., concurring in part and dissenting in part), citing *Forest*, *Holloman*, *Mooty*, *State v. Griffin*, 8th Dist. Cuyahoga No. 82832, 2004-Ohio-1246, *State v. Hairston*, 10th Dist. Franklin Nos. 07AP-160 and 07AP-161, 2007-Ohio-5928, and *State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-076, E-05-074, and E-05-075, 2006-Ohio-3988 ("Time and again, this court and other courts of appeals have found a hearing on a motion to withdraw a plea to be adequate when it consisted of no more than a brief opportunity for the defense to state the reasons why the defendant wanted to withdraw his plea.").

{¶ 42} "An opportunity to be heard with respect to a motion to withdraw a guilty plea requires, at a bare minimum, an opportunity to inform the trial court of the basis for the motion." *State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶ 23. Therefore, "[i]f a trial court invites and hears argument on a motion to withdraw a guilty plea at a sentencing hearing before it imposes sentence, this procedure may constitute a full and fair motion hearing." *State v. Harmon*, 4th Dist. Pickaway No. 20CA6, 2021-Ohio-2610, ¶ 25, citing *Griffin* at ¶ 18, *Holloman*, and *Mooty*.

{¶ 43} In this case, Jackson filed a presentence motion to withdraw his no contest plea that provided absolutely no basis for withdrawing the plea. Jackson's motion was

nothing more than a general request to have his plea withdrawn. Prior to imposing a sentence, the trial court addressed the motion at Jackson's sentencing hearing by asking Jackson and his counsel if they wanted to add anything to the motion. Jackson's counsel declined to make any comment about the motion and Jackson specifically indicated that he had nothing further to add. Therefore, no basis for withdrawing the plea, let alone a reasonable and legitimate one, was provided to the trial court at the hearing.

{¶ 44} It was not until after the trial court overruled the motion that Jackson spoke up and claimed that he had filed the motion because he felt that he had been forced to take the plea and because he had not had a chance to speak with his counsel about the plea. The record, however, establishes that Jackson did have an opportunity to speak with counsel about his no contest plea. Jackson specifically advised the trial court at the plea hearing that he had the opportunity to discuss the no contest plea with his counsel and that no further discussion was needed on the matter. *See* Plea Hearing Trans. (July 12, 2021), p. 114. In any event, the trial court had already ruled on the motion and was not obligated to address Jackson's latent claims, which at best would be considered a motion for reconsideration—a legal nullity at the trial court level. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988); *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105 (1981); *Cleveland Hts. v. Richardson*, 9 Ohio App.3d 152, 154, 458 N.E.2d 901 (8th Dist.1983); *State v. Kramer*, 10th Dist. Franklin No. 03AP-633, 2004-Ohio-2646, ¶ 7.

{¶ 45} We note that this case is distinguishable from our holding in *Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, wherein we reversed the trial court's judgment

overruling a motion to withdraw a guilty plea under circumstances where the trial court overruled the motion without ever hearing from counsel or the defendant as to the basis of the motion. Unlike *Burnett*, the trial court in this case provided Jackson and his counsel an opportunity to state a basis for the motion at the sentencing hearing, but they provided none. Therefore, the present case is not like *Burnett* or other similar cases where the trial court simply failed to hold any hearing at all. *See, e.g., Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, at ¶ 30-34; *Hurlburt*, 10th Dist. Franklin No. 12AP-231, 2013-Ohio-767, at ¶ 7.

**{¶ 46}** The present case is also distinguishable from our holding in *State v. Bush*, 2d Dist. Clark Nos. 2015-CA-39, 2015-CA-40, 2015-CA-41, 2015-CA-42, 2016-Ohio-5536, wherein the appellant moved to withdraw his guilty plea and actually made factual assertions and referred to documents and evidence in support of his motion at the sentencing hearing. In *Bush*, we found that although the trial court gave the appellant an opportunity to explain the basis for his motion, the trial court erred by failing to hold an evidentiary hearing on the motion so that the defendant could call witnesses and present his documentary evidence. *Id*. at ¶ 12-14. Unlike the defendant in *Bush*, however, Jackson made no factual assertions or references to documentary evidence in support of his motion to withdraw no contest plea. Therefore, an evidentiary hearing was not necessary in this case. Instead, the hearing requirement was satisfied by the trial court's giving Jackson and his counsel an opportunity to state a basis for the motion at the sentencing hearing.

**{¶ 47}** For the foregoing reasons, Jackson's seventh assignment of error lacks

arguable merit.

## Independent *Anders* Review

**{¶ 48}** In addition to reviewing Jackson's pro se assignments of error, we conducted an independent review of the record as required by *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.   Our independent review, however, revealed no issues with arguable merit for Jackson to advance on appeal.

## Conclusion

**{¶ 49}** Because Jackson's pro se arguments lack arguable merit, and because our independent *Anders* review revealed no issues with arguable merit for Jackson to advance on appeal, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Byron K. Shaw
Barnard M. Jackson
Hon. Dennis J. Adkins