[Cite as *State v. Freed*, 2026-Ohio-767.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

ZACKERY HUNTER FREED,

    DEFENDANT-APPELLANT.

CASE NO. 6-25-15

OPINION AND
JUDGMENT ENTRY

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20252059

Judgment Reversed and Cause Remanded

Date of Decision:  March 9, 2026

APPEARANCES:

    *D. Luke Meenach* for Appellant

    *Morgan S. Fish* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Zackery H. Freed ("Freed"), appeals the August 14, 2025 judgment entry of sentence the Hardin County Court of Common Pleas. For the reasons that follow, we reverse.

{¶2} On May 21, 2025, Freed was indicted by the Hardin County Grand Jury on Counts One, Two, and Four of domestic violence in violation of R.C. 2919.25(A), (D)(2), first-degree misdemeanors; Count Three of disrupting public services in violation of R.C. 2909.04(A)(3), (C), a fourth-degree felony; and Count Five of intimidation in violation of R.C. 2921.03(A), (B), a third-degree felony. Freed appeared for arraignment on May 28, 2025 and pleaded not guilty to the indictment.

{¶3} On June 25, 2025, Freed withdrew his not guilty pleas and pleaded guilty, under a written plea agreement, to Counts One, Three, and Four of the indictment. In exchange for his change of pleas, the State agreed to dismiss Counts Two and Five and agreed to a joint sentencing recommendation. The trial court accepted Freed's guilty pleas, found him guilty of Counts One, Three, and Four, and ordered a presentence investigation.[1]

---

[1] At sentencing, the trial court dismissed Counts Two and Five of the indictment.

{¶4} On August 6, 2025, Freed filed a presentence motion to withdraw his guilty pleas without stating the grounds for withdrawal. That same day, the State filed a memorandum in opposition to Freed's presentence motion to withdraw his guilty pleas. Two days later, the trial court denied Freed's motion to withdraw his guilty pleas without conducting a hearing.

{¶5} On August 14, 2025, the trial court sentenced Freed based on the joint sentencing recommendation of the parties to five years of community control.[2]

{¶6} On September 9, 2025, Freed filed his notice of appeal. He raises two assignment of error for our review.

### First Assignment of Error

**The trial court erred by denying Appellant's presentence motion to withdraw his guilty plea without holding a hearing required by Crim.R. 32.1 and *State v. Xie*, 62 Ohio St.3d 521 (1992)**

{¶7} In his first assignment of error, Freed argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty pleas without conducting a hearing. The State concedes the error.

### *Standard of Review*

{¶8} "Appellate review of the trial court's denial of a motion to withdraw a [no contest] plea is limited to whether the trial court abused its discretion." *State v.*

---

[2] The trial court imposed a blanket five-year term of community control for all counts without specifying the individual sentences for the misdemeanor convictions.

*Streeter*, 2009-Ohio-189, ¶ 12 (3d Dist.). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶9} "Criminal Rule 32.1 provides that a defendant is permitted to file a presentence motion to withdraw a no contest plea." *State v. Driscol*, 2022-Ohio-1810, ¶ 15 (3d Dist.). "Generally, 'presentence motion[s] to withdraw . . . guilty plea[s] should be freely and liberally granted.'" *Id.*, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "However, '[a] defendant does not have an absolute right to withdraw a [no contest] plea prior to sentencing.'" *Id.*, quoting *Xie* at paragraph one of the syllabus. "As a result, a 'trial court *must* conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea.'" (Emphasis added.) *Id.*, quoting *Xie* at paragraph one of the syllabus.

{¶10} Although the Supreme Court of Ohio did not specify the precise scope or format of the hearing, appellate courts have consistently held that the requirement is mandatory, though flexible. *See State v. Jackson*, 2022-Ohio-1522, ¶ 40-41 (2d Dist.). Indeed, a full evidentiary hearing is not always necessary and a court may satisfy the requirement to conduct a hearing by "'inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed . . . .'" *Id.* at ¶ 41, quoting *State v. Forest*, 2003-Ohio-1945, ¶ 19 (2d Dist.). That is, even a "brief opportunity for the defense

to state the reasons why the defendant wanted to withdraw his plea" can constitute a full and fair hearing. *State v. Santiago*, 2011-Ohio-5292, ¶ 75 (2d Dist.). Thus, due process requires "'at a bare minimum, an opportunity to inform the trial court of the basis for the motion.'" *Jackson* at ¶ 42, quoting *State v. Burnett*, 2005-Ohio-1036, ¶ 23 (2d Dist.).

{¶11} In this case, the trial court failed to provide even the bare minimum by denying Freed's presentence motion to withdraw his guilty pleas without conducting a hearing or affording him any opportunity to explain the basis for his request. Consequently, the trial court abused its discretion by denying Freed's presentence motion to withdraw his guilty pleas.

{¶12} Freed's first assignment of error is sustained.

### Second Assignment of Error

**Appellant was denied his constitutional right to effective assistance of counsel during the plea and plea-withdrawal proceedings.**

{¶13} In his second assignment of error, Freed challenges the effectiveness of his trial counsel regarding his presentence motion to withdraw his guilty pleas. However, based on our decision to sustain Freed's first assignment of error, Freed's argument under his second assignment of error is rendered moot. App.R. 12(A)(1)(c).

{¶14} Having found error prejudicial to the appellant herein in the particulars assigned and argued in the first assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

***Judgment Reversed***
***and Cause Remanded***

**MILLER and WILLAMOWSKI, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the Appellant's First assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

 

 
| |
|---|
| William R. Zimmerman, Judge |

 
| |
|---|
| Mark C. Miller, Judge |

 
| |
|---|
| John R. Willamowski, Judge |

DATED:
/hls